**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **CLINTON BARKLEY, RASHAAN BOWREY, ANDREW HANCOCK, and PHILIP RAMIREZ, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**NYU LANGONE MSO, INC., NYU LANGONE HEALTH SYSTEM, and NYU LANGONE HOSPITALS,**<br><br>**Defendants.** | **FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Case No.: 1:24-cv-09747 (AT)** |

Plaintiffs Clinton Barkley, Rashaan Bowrey, Andrew Hancock, and Philip Ramirez, individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as exempt-classified I.T. Support Employees at Defendants NYU Langone MSO Inc., NYU Langone Health System, and NYU Langone Hospitals (collectively, "NYU Langone") in the United States, in the job titles of System Analyst, Desktop Support, Tech I, Tech II, A.V. Support Specialist, Solutions Analysts, Site Analysts, and other similar positions, however variously titled (collectively, "I.T. Support Employees").  I.T. Support Employees have the primary job of providing on-site and remote I.T.

support and installing and troubleshooting equipment and software.

2.      NYU Langone is a privately owned academic medical center and health system with more than 300 locations nationwide, including in New York, New Jersey, Nevada, and Florida.

3.      Upon information and belief NYU Langone's Medical Center Information Technology ("MCIT") division manages the hospital system's technology across all locations in the United States.

4.      NYU Langone requires its I.T. Support Employees to work long hours, arriving early and staying late, often in excess of 40 hours per workweek, in order to complete required tasks.

5.      While employed by NYU Langone, Plaintiffs consistently worked more than 40 hours per workweek without receiving any overtime compensation.  Throughout the relevant period, it was NYU Langone's policy to deprive Plaintiffs of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, Art. 6 §§ 190 *et seq.*, and Art. 19, §§ 650 *et seq.* ("NYLL").

6.      During the relevant period, it has been NYU Langone's policy to uniformly classify I.T. Support Employees, including Plaintiffs, as exempt from federal and state overtime provisions and not to pay I.T. Support Employees any overtime wages.

7.      The primary duties of I.T. Support Employees are non-exempt.  The primary I.T. support duties of I.T. Support Employees are similar from one I.T. Support Employee to another.

8.      The primary duties of I.T. Support Employees do not fall under any federal or state law overtime exemption.

9.      I.T. Support Employees have worked overtime hours and are entitled to overtime

compensation for all overtime hours worked.

10.     Plaintiffs bring this action on behalf of themselves and similarly situated

employees as a collective action against NYU Langone under the FLSA.

11.     Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C.

§ 216(b) to all persons who presently work for, or have at any time during the three years

immediately preceding the filing of this action worked for, NYU Langone in the United States as

an I.T. Support Employee.

12.     Plaintiffs Barkley and Bowrey also bring this action against NYU Langone

pursuant to Rule 23 for the Federal Rules of Civil Procedure as a class action under the NYLL,

on behalf of themselves and similarly situated New York employees who worked for NYU

Langone.

## JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant

to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

14.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C.

§ 1367 because the state law claims and the federal claims are so closely related that they form

part of the same case or controversy under Article III of the United States Constitution.

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§ 1391(b) because NYU Langone is headquartered in this District and a substantial part of the

events or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

**Plaintiffs**

16.     Clinton Barkley is an adult individual who is a resident of Baldwin, NY.

17.     Mr. Barkley was employed by NYU Langone as a Tech, Desktop Support under the

MCIT division in New York, New York from approximately May 2019 through February 2023.

18.    At all times relevant to the Class and Collective Action Complaint, Mr. Barkley was an "employee" within the meaning of all applicable statutes.

19.    Mr. Barkley regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40.  To the best of his recollection, Mr. Barkley worked 42 hours most weeks of his employment.  For example, the week of August 8, 2022, Mr. Barkley worked 42 hours.

20.    A written consent form signed by Plaintiff Barkley was attached to the original Complaint filed on December 18, 2024 and is attached hereto as **Exhibit A**.

21.    Rashaan Bowrey is an adult individual who is a resident of Bloomfield, New Jersey.

22.    Mr. Bowrey was employed by NYU Langone as an A.V. Support Specialist under the MCIT division in New York, New York from approximately July 2017 through June 2022.

23.    At all times relevant to the Class and Collective Action Complaint, Mr. Bowrey was an "employee" within the meaning of all applicable statutes.

24.    Mr. Bowrey regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40.  To the best of his recollection, Mr. Bowrey worked 46 hours most weeks of his employment.  For example, the week of May 16, 2018, Mr. Bowrey worked approximately 47 hours.

25.    A written consent form signed by Plaintiff Bowrey was attached to the original Complaint filed on December 18, 2024 and is attached hereto as **Exhibit B**.

26.    Andrew Hancock is an adult individual who is a resident of Las Vegas, Nevada.

27.    Mr. Hancock was employed by NYU Langone as a Senior Solutions Analyst

under the MCIT division in Las Vegas, Nevada from February 2021 through August 2023.

28.    At all times relevant to the Class and Collective Action Complaint, Mr. Hancock was an "employee" within the meaning of all applicable statutes.

29.    Mr. Hancock regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40.  To the best of his recollection, Mr. Hancock worked 50 hours most weeks of his employment.  For example, the week of March 28, 2023, Mr. Hancock worked over 50 hours.

30.    A written consent form signed by Plaintiff Hancock was attached to the original Complaint filed on December 18, 2024 and is attached hereto as **Exhibit C**.

31.    Philip Ramirez is an adult individual who is a resident of Las Vegas, Nevada.

32.    Mr. Ramirez was employed by NYU Langone as a Senior Technician under the MCIT division in Las Vegas, Nevada from April 2021 through March 2024.

33.    At all times relevant to the Class and Collective Action Complaint, Mr. Ramirez was an "employee" within the meaning of all applicable statutes.

34.    Mr. Ramirez regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40.  To the best of his recollection, Mr. Ramirez worked 50 hours most weeks of his employment.  For example, the week of March 28, 2023, Mr. Hancock worked 55 hours.

35.    A written consent form signed by Plaintiff Ramirez was attached to the original Complaint filed on December 18, 2024 and is attached hereto as **Exhibit D**.

36.    .

**<u>Defendants</u>**

37.    Defendants NYU Langone MSO Inc., NYU Langone Health System, and NYU Langone Hospitals (collectively, "NYU Langone") list their business address as 550 First Avenue,

New York, NY 10016.

38.     NYU Langone's business is a private, non-profit medical care organization.

39.     NYU Langone is headquartered in New York, New York, at 550 First Avenue, New York, NY 10016.

40.     Upon information and belief, NYU Langone has maintained control, oversight, and directions over its operation and employment practices.

41.     At all relevant times, NYU Langone was Plaintiffs' "employer" within the meaning of all applicable statutes.

42.     At all relevant times, NYU Langone maintained control, oversight, and direction over Plaintiffs and other I.T. Support Employees, including timekeeping, payroll, and other employment practices that applied to them.

43.     Upon information and belief, NYU Langone has applied the same employment policies and procedures to all I.T. Support Employees nationwide, including policies, practices, and procedures with respect to the payment of overtime compensation.

44.     NYU Langone operates an enterprise engaged in commerce within the meaning of the FLSA.

45.     NYU Langone's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(2)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

46.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for NYU Langone as exempt-classified I.T. Support Employees nationwide within the last three years and who elect to opt into this action ("FLSA Collective").

47.     Upon information and belief, there are dozens of current and former I.T. Support

Employees who are similarly situated to Plaintiffs and have been denied overtime compensation.

48.     Plaintiffs are acting on behalf of NYU Langone's current and former I.T. Support Employees' interests as well as their own interests in bringing this action.

49.     NYU Langone has unlawfully required Plaintiffs and other individuals employed as I.T. Support Employees to work in excess of 40 hours per workweek without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.

50.     Upon information and belief, NYU Langone applied the same unlawful policies and practices to its I.T. Support Employees nationwide.

51.     NYU Langone has been aware or should have been aware that the law required it to pay I.T. Support Employees, including Plaintiffs and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all overtime hours NYU Langone suffered or permitted them to work.

52.     Upon information and belief, NYU Langone applied the same unlawful policies and practices to its I.T. Support Employees nationwide.

53.     The FLSA Collective members are readily identifiable and locatable through the use of NYU Langone's records.  The FLSA Collective members should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by NYU Langone.

## **NEW YORK CLASS ACTION ALLEGATIONS**

54.     Plaintiffs Barkley and Bowrey ("New York Plaintiffs") bring the Second, Third,

and Fourth Causes of Action under Rule 23, on behalf of themselves and all similarly situated current and former I.T. Support Employees who worked in New York and whom NYU Langone denied overtime compensation ("New York Class").

55.    Excluded from the New York Class are NYU Langone management, NYU Langone's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in NYU Langone; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

56.    The members of the New York Class ("New York Class Members") are readily ascertainable.  The number and identity of the New York Class Members are determinable from NYU Langone's records.  The hours assigned and worked, the positions held, and the rates of pay for each New York Class Member are also determinable from NYU Langone's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from NYU Langone's records.  Notice can be provided by means permissible under Rule 23.

57.    The New York Class Members are so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of NYU Langone.

58.    Upon information and belief, there are more than 40 New York Class Members. The claims of New York Plaintiffs are typical of those claims which could be alleged by any New York Class Member, and the relief sought is typical of the relief which would be sought by

each New York Class Member in separate actions.

59.    The Second, Third, and Fourth Causes of Action are properly maintainable as a class action under Rule 23(b)(3).  Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including, but not limited to:

a.    Whether NYU Langone has unlawfully failed to pay the New York Plaintiffs and the New York Class Members overtime compensation owed, in violation of the NYLL, Art. 6 §§ 190 *et seq.*, and Art. 19, §§ 650 *et seq.*, and related regulations;

b.    Whether NYU Langone failed to furnish the New York Plaintiffs and the New York Class Members with an accurate statement of wages, hours worked, rates paid, gross wages, and net wages;

c.    Whether NYU Langone failed to furnish the New York Plaintiffs and the New York Class Members with wage notices, as required by the Wage Theft Prevention Act; and

d.    The nature and extent of the New York Plaintiffs' and the New York Class Members' injuries and the appropriate measure of their damages under the NYLL.

60.    The New York Plaintiffs will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the New York Class.

61.    The New York Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

62.    The New York Plaintiffs and the New York Class have been equally affected by NYU Langone's failure to pay proper wages and other violations. Moreover, members of the Class still employed by NYU Langone may be reluctant to raise individual claims for fear of

retaliation.

63.    NYU Langone has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

64.    The New York Plaintiffs' claims are typical of those of the New York Class. Plaintiffs and the New York Class Members were subjected to NYU Langone's policies, practices, programs, procedures, protocols, and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.

65.    The members of the New York Class have been damaged and are entitled to recovery as a result of NYU Langone's common and uniform policies, practices, and procedures.

66.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action – where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

67.    Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

68.    In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about NYU Langone's practices.

### COMMON FACTUAL ALLEGATIONS

69.    Plaintiffs and the members of the FLSA Collective and the New York Class (collectively, "Class Members") have been victims of NYU Langone's common policy and plan that has violated their rights under the FLSA and the NYLL by requiring I.T. Support Employees

to work in excess of 40 hours per workweek and denying them overtime compensation.  At all relevant times, NYU Langone's unlawful policy and pattern or practice has been willful.

70.    NYU Langone employs I.T. Support Employees to provide on-site and remote desktop, software, and equipment installation and troubleshooting support for NYU Langone employees and facilities.

71.    Under the FLSA and its state law equivalents, an employee is eligible for overtime compensation unless an exemption applies.

72.    The primary duties of Plaintiffs and I.T. Support Employees do not fall under any of the exemptions under federal or state overtime laws.

73.    I.T. Support Employees at NYU Langone provide technical support, troubleshoot I.T. issues, respond to I.T. tickets, test I.T. software, and fix technological problems affecting computers, software programs, and A/V systems.  I.T. Support Employees also install equipment and software.

74.    I.T. Support Employees do not exercise independent discretion or judgment in their daily tasks, rather they follow protocols and workflows that NYU Langone sets and maintains.  For the most part, their work is responding to requests for assistance and help tickets that come in from other NYU Langone employees.

75.    Throughout their employment, Plaintiffs and Class Members consistently worked more than 40 hours per workweek.

76.     Upon information and belief, NYU Langone knew or should have known that overtime work was necessary for I.T. Support Employees to meet its job expectations, and yet it failed to pay I.T. Support Employees overtime for such work.

77.    NYU Langone required I.T. Support Employees to work before and after shifts,

during lunch breaks, and on weekends to provide full I.T. support coverage to their other employees, including nurses, doctors, and executives. I.T. Support Employees also provided on-call coverage outside of normal work hours.

78.     All of the work performed by Plaintiffs and Class Members was assigned by NYU Langone, and NYU Langone was aware that Plaintiffs and Class Members worked more than 40 hours per workweek, yet NYU Langone failed to pay them any overtime compensation.

79.     NYU Langone tracked various aspects of I.T. Support Employees' work (e.g., tickets for I.T. issues), and yet NYU Langone did not keep accurate records of hours worked by Plaintiffs and Class Members.

80.     Upon information and belief, NYU Langone has and had a policy and pattern or practice of requiring Plaintiffs and Class Members to work in excess of 40 hours per workweek without overtime compensation.

81.     NYU Langone failed to pay Plaintiffs and Class Members time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

82.     NYU Langone failed to pay Plaintiffs and Class Members compensation for all of their overtime hours worked, including for any of the overtime hours they worked over 40 in a workweek.

83.     As part of its regular business practice, NYU Langone has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and the NYLL.

84.     NYU Langone's policy and pattern or practice includes, but is not limited to:

    a.  Willfully misclassifying Plaintiffs and Class Members as exempt from the

protections of federal and state overtime laws;

b.   Willfully failing to record all of the time that I.T. Support Employees,

including Plaintiffs and Class Members, worked for the benefit of NYU

Langone;

c.   Willfully failing to keep payroll records for I.T. Support Employees as

required by the FLSA and the NYLL; and

d.   Willfully failing to pay I.T. Support Employees, including Plaintiffs and Class

Members, overtime wages for all of the overtime hours that they worked.

85.    NYU Langone was or should have been aware that the federal and state wage and

hour laws required it to pay its I.T. Support Employees overtime compensation for all hours

worked in excess of 40 per workweek.

86.    NYU Langone was aware, or should have been aware, that Plaintiffs and other

I.T. Support Employees' primary duties were I.T. support, not analysis, program design, or

testing.

87.    Upon information and belief, NYU Langone was aware, or should have been

aware, that I.T. support work does not fall within any overtime exemption under the FLSA or

state wage and hour laws.  29 C.F.R. § 541.202(e) ("The exercise of discretion and independent

judgment . . . does not include recording or tabulating data, or performing other mechanical,

repetitive, recurrent or routine work."); *see also Strauch v. Computer Scis. Corp.*, No. 14 Civ.

956, 2018 WL 4539660, at *2–11 (D. Conn. Sept. 21, 2018); *Siegel v. Bloomberg L.P.*, No. 13

Civ. 1351, 2015 WL 2237.81, at *3–4 (S.D.N.Y. Jan. 16, 2015); *Jackson v. Bloomberg, L.P.*, 298

F.R.D. 152, 167 (S.D.N.Y. 2014).

88.    Upon information and belief, NYU Langone was aware, or should have been

aware, that it had to keep full and accurate records of the time I.T. Support Employees worked, but it failed to do so.

89.    Upon information and belief, NYU Langone failed to keep full and accurate records in order to mitigate liability for its wage and hour violations.

90.    NYU Langone knew or should have known that the nonpayment of overtime pay would financially injure Plaintiffs and other I.T. Support Employees.

91.    Between 2020 and 2024, NYU Langone acquired Long Island Community Hospital.

92.    Upon information and belief, the process of acquiring other companies routinely includes a risk and liability analysis, including with respect to potential wage and hour violations.  Upon information and belief, conducing this risk and liability analysis with respect to potential wage and hour violations in the course of acquisitions should have put NYU Langone on notice of the potential for wage and hour violations within its own workforce.

93.    Plaintiffs sent NYU Langone written correspondence on February 14, 2023 regarding Plaintiff Hancock's overtime claims.  Upon information and belief, NYU Langone did not thereafter change its practice of classifying I.T. Support Employees as exempt employees.

94.    NYU Langone's failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per workweek was willful, intentional, and in bad faith.  NYU Langone did not ensure that its compensation practices with respect to Plaintiffs and other I.T.

Support Employees complied with federal or state law.

95.    NYU Langone's unlawful conduct has been widespread, repeated, and consistent.

## ARTICLE III STANDING ALLEGATIONS

**Accurate Wage Statements and Wage Notices**

96.    NYU Langone knowingly and willfully failed to provide New York Plaintiffs and New York Class Members with proper wage statements and wage notices as required under NYLL.  The wage statements and wage notices NYU Langone provided failed to accurately reflect the I.T. Support Employees' hours worked due to NYU Langone's policy of failing to pay overtime.

97.    In failing to provide proper wage statements and proper wage notices, NYU Langone has failed to comply with the law in a manner that clearly entails a concrete harm to an interest identified by the New York State legislature.  The New York State legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties.  *See* N.Y. Spons. Mem., 2010 S.B. 8380.  Written notices and wage statements function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves.  Deprivation of accurate notices and statements entails significant harm to the employees' concrete interest in being paid properly.

98.    Here, NYU Langone's failure goes beyond generating a risk of harm to New York Plaintiffs and New York Class Members because NYU Langone's conduct actually harmed New York Plaintiffs and New York Class Members.  NYU Langone's failure to provide accurate wage notices and wage statements listing all hours allowed NYU Langone to hide its

wrongdoings from I.T. Support Employees, who rely on the accuracy of such statements.

99.    Had the wage notices and wage statements NYU Langone provided to New York Plaintiffs and New York Class Members listed the actual number of hours they worked, Plaintiffs and New York Class Members would have learned of their underpayments sooner.

100.    This conduct ensured NYU Langone's ability to further delay providing proper compensation to Plaintiffs and New York Class Members, who are entitled to protection under federal and state law.

101.    Due to NYU Langone's failure to provide the legally mandated wage notices and wage statements, NYU Langone was able to hide its wrongdoing from I.T. Support Employees. NYU Langone's failure to provide an accurate wage notices and wage statements continues to result in delayed payment of all proper wages owed to New York Class Members.

**FIRST CAUSE OF ACTION**
**FLSA - Overtime Wages**
**29 U.S.C. §§ 201,** *et seq.*
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**

102.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

103.    Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

104.    NYU Langone employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and members of the FLSA Collective for all of the time worked in excess of 40 hours per workweek, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

105.    Plaintiffs have expressed their consent to make these claims against NYU Langone

by filing written consent forms pursuant to 29 U.S.C. § 216(b).

106.    NYU Langone failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

107.    Because NYU Langone's violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

108.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the FLSA Collective have incurred damages thereby and NYU Langone is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**NYLL – Overtime Wages**
**Art. 19, §§ 650 *et seq.***
**(Brought on behalf of Plaintiffs Barkley, Bowrey, and the New York Class)**

109.    New York Plaintiffs, on behalf of themselves and the New York Class Members, reallege and incorporate by reference all preceding paragraphs.

110.    New York law requires employers, such as NYU Langone, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek.

111.    New York Plaintiffs and the New York Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

112.    At all relevant times, New York Plaintiffs and the New York Class Members worked in excess of 40 hours per workweek.

113.    At all relevant times, NYU Langone failed and refused to pay New York Plaintiffs and the New York Class Members overtime compensation for all of their overtime hours worked.

114.    At all relevant times, New York Plaintiffs and the New York Class Members have

been employees and NYU Langone has been their employer within the meaning of the NYLL.

115.    New York Plaintiffs and the New York Class Members are covered by the NYLL.

116.    NYU Langone employed the New York Plaintiffs and the New York Class Members.

117.    NYU Langone failed to pay New York Plaintiffs and the New York Class Members overtime wages to which they are entitled under the NYLL Article §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

118.    NYU Langone failed to pay New York Plaintiffs and the New York Class Members overtime at a wage of one and one-half times their regular rate of pay.

119.    NYU Langone failed to keep, make, preserve, maintain, and furnish accurate records of time worked by New York Plaintiffs and the New York Class Members.

120.    NYU Langone's violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

121.    Due to NYU Langone's violations of the NYLL, New York Plaintiffs and the New York Class Members are entitled to recover from NYU Langone unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by the NYLL Article 6 § 198, and pre-judgement and post-judgment interest.

### THIRD CAUSE OF ACTION
**NYLL, Article 6, §§ 190 *et seq*. – Failure to Provide Wage Notices**
**(Brought on behalf of Plaintiffs Barkley, Bowrey, and the New York Class)**

122.    New York Plaintiffs on behalf of themselves and the New York Class Members, reallege and incorporate by reference all preceding paragraphs.

123.    NYU Langone has willfully failed to supply New York Plaintiffs and the New York Class Members with wage notices, as required by the NYLL, Article 6, § 195(1), in

English or in the language identified as their primary language, containing New York Plaintiffs'
and the New York Class Members' rate or rates of pay and basis thereof, whether paid by the
hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and
overtime rate or rates of pay if applicable; the regular pay day designated by the employer in
accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as"
names used by the employer; the physical address of the employer's main office or principal
place of business, and a mailing address if different; the telephone number of the employer; plus
such other information as the commissioner deems material and necessary.

124.    Through its knowing or intentional failure to provide New York Plaintiffs and the
New York Class Members with the wage notices required by the NYLL, NYU Langone has
willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State
Department of Labor Regulations.

125.    Due to NYU Langone's willful violations of NYLL, Article 6, § 195(1), New
York Plaintiffs and the New York Class Members are entitled to statutory penalties of $50 for
each workday, up to a total of $5,000, that NYU Langone failed to provide them with wage
notices upon hire, in addition to reasonable attorneys' fees, costs, and injunctive and declaratory
relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### NYLL, Article 6, §§ 190 *et seq.* – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs Barkley, Bowrey, and the New York Class)

126.    New York Plaintiffs, on behalf of themselves and the New York Class Members,
reallege and incorporate by reference all preceding paragraphs.

127.    NYU Langone has willfully failed to supply New York Plaintiffs and the New
York Class Members with accurate statements of wages as required by the NYLL, Article 6,

§ 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; and net wages.

128.    Through its knowing or intentional failure to provide New York Plaintiffs and the New York Class Members with the accurate wage statements required by the NYLL, NYU Langone has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

129.    Due to NYU Langone's willful violations of NYLL, Article 6, § 195(3), the New York Plaintiffs and the New York Class Members are entitled to statutory penalties of $250 for each workday that NYU Langone failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective, request the following relief:

    A.  Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

    B.  An award of damages, according to proof, including liquidated damages, to be

paid by NYU Langone;

C.  Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to, an order enjoining NYU Langone from continuing its

unlawful practices under the FLSA and/or a declaration that NYU Langone's acts

violate the FLSA;

D.  Reasonable service awards for Plaintiffs to compensate them for the time they

spent attempting to recover wages for the FLSA Collective and for the risks they

took in doing so;

E.  Costs of the action incurred herein;

F.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.  Pre- and post-judgment interest, as provided by law; and

H.  Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiffs Barkley and Bowrey, individually and on behalf of the New

York Class, request the following relief:

A.  Certification of this action as a class action on behalf of the New York Class;

B.  Designation of Plaintiffs Barkley and Bowrey as the Representatives of the New

York Class they seek to represent;

C.  Designation of Plaintiffs' counsel of record as Class Counsel for the New York

Class;

D.  Appropriate statutory penalties;

E.  An award of damages, liquidated damages, and restitution to be paid by NYU

Langone according to proof;

F.  Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to, an order enjoining NYU Langone from continuing its unlawful practices under the NYLL and/or a declaration that NYU Langone's acts violate the NYLL;

G. Reasonable service awards to compensate Plaintiffs Barkley and Bowrey for the time they spent attempting to recover wages for New York Class Members and for the risks they took in doing so;

H. Attorneys' fees and costs of suit;

I. Prejudgment and post-judgment interest, as provided by law; and

J. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury on all issues so triable.

Dated:  March 11, 2025
        New York, New York

Respectfully submitted,


/s/Molly A. Brooks                         /s/Artemio Guerra
Molly A. Brooks                            Artemio Guerra
**OUTTEN & GOLDEN LLP**                    **HKM EMPLOYMENT**
Molly A. Brooks                            **ATTORNEYS LLP**
Emma R. Janger                             Artemio Guerra
685 Third Ave., 25th Floor                 153 Main Street, Suite 201
New York, New York 10017                   New Paltz, NY 12561
Telephone: (212) 245-1000                  Telephone: (854) 400-9028


*Attorneys for Plaintiffs and the Putative Collective and Rule 23 Class*

# EXHIBIT A.

**Consent to Join Form**

1.      I consent to be a party plaintiff in the lawsuit against Defendants, NYU Langone MSO, Inc., NYU Langone Health System, NYU Langone Hospitals, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b) and New York Labor Law, Article 6, §§ 190, et seq., and Article 19, §§ 650, et seq., supporting New York State Department of Labor Regulations, and 29 C.F.R. §778.106.

2.      By signing and returning this consent form, I designate Outten & Golden LLP and HKM Employment Attorneys LLP ("Plaintiffs' Counsel") to represent me and make decisions on my behalf concerning the litigation and any subsequent proceedings including in arbitration; the method and manner of conducting the case; the negotiation, terms and approval of any settlement; and all other matters pertaining to the lawsuit.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that Plaintiffs' Counsel will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (i) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (ii) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court and/or arbitrator, whether it is favorable or unfavorable.

Clinton Barkley
_____
Full Legal Name (please **PRINT** clearly)

_____          12/05/2024
Signature                                                    _____
                                                                     Date

N/A
_____
Maiden or Other Names Worked Under

# EXHIBIT B.

## Consent to Join Form

1.      I consent to be a party plaintiff in the lawsuit against Defendants NYU Langone MSO, Inc., NYU Langone Health System, NYU Langone Hospitals, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b) and New York Labor Law, Article 6, §§ 190, et seq., and Article 19, §§ 650, et seq., supporting New York State Department of Labor Regulations, and 29 C.F.R. § 778.106.

2.      By signing and returning this consent form, I designate Outten & Golden LLP and HKM Employment Attorneys LLP ("Plaintiffs' Counsel") to represent me and make decisions on my behalf concerning the litigation and any subsequent proceedings including in arbitration; the method and manner of conducting the case; the negotiation, terms, and approval of any settlement; and all other matters pertaining to the lawsuit. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Plaintiffs' Counsel will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (i) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (ii) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court and/or arbitrator, whether it is favorable or unfavorable.

Rashaan Bowrey

_____
Full Legal Name (please **PRINT** clearly)

_____          12 / 06 / 2024
Signature                                 _____
                                          Date
N/A

_____
Maiden or Other Names Worked Under

# EXHIBIT C.

## Consent to Join Form

1.    I consent to be a party plaintiff in the lawsuit against Defendants NYU Langone MSO, Inc., NYU Langone Health System, NYU Langone Hospitals, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b) and New York Labor Law, Article 6, §§ 190, et seq., and Article 19, §§ 650, et seq., supporting New York State Department of Labor Regulations, and 29 C.F.R. § 778.106.

2.    By signing and returning this consent form, I designate Outten & Golden LLP and HKM Employment Attorneys LLP ("Plaintiffs' Counsel") to represent me and make decisions on my behalf concerning the litigation and any subsequent proceedings including in arbitration; the method and manner of conducting the case; the negotiation, terms, and approval of any settlement; and all other matters pertaining to the lawsuit. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Plaintiffs' Counsel will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (i) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (ii) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court and/or arbitrator, whether it is favorable or unfavorable.

Andrew Hancock
_____
Full Legal Name (please **PRINT** clearly)

_____          2024-12-10
Signature                                          Date

_____
Maiden or Other Names Worked Under

EXHIBIT D.

**Consent to Join Form**

1.      I consent to be a party plaintiff in the lawsuit against Defendants NYU Langone MSO, Inc., NYU Langone Health System, NYU Langone Hospitals, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b) and New York Labor Law, Article 6, §§ 190, et seq., and Article 19, §§ 650, et seq., supporting New York State Department of Labor Regulations, and 29 C.F.R. § 778.106.

2.      By signing and returning this consent form, I designate Outten & Golden LLP and HKM Employment Attorneys LLP ("Plaintiffs' Counsel") to represent me and make decisions on my behalf concerning the litigation and any subsequent proceedings including in arbitration; the method and manner of conducting the case; the negotiation, terms, and approval of any settlement; and all other matters pertaining to the lawsuit. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Plaintiffs' Counsel will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (i) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (ii) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court and/or arbitrator, whether it is favorable or unfavorable.

Philip Ramirez
_____
Full Legal Name (please **PRINT** clearly)

*Philip Ramirez*                    12 / 06 / 2024
_____        _____
Signature                              Date
N/A
_____
Maiden or Other Names Worked Under