

Advocates for Workplace Fairness

March 12, 2025

**Via CM/ECF**
The Honorable Analisa Torres
United States District Court
Southern District of New York
Courtroom 15D
500 Pearl Street
New York, NY 10007

  Re: *Barkley et al., v. NYU Langone MSO, Inc. et al.*, 1:24-cv-09747-AT

Dear Judge Torres:

  Together with HKM Employment Attorneys, LLP, we represent Plaintiffs in the above-referenced matter. We write pursuant to the Court's Individual Rule of Practice III(A) to request a pre-motion conference regarding Plaintiffs' anticipated motion for conditional certification of a collective and authorization of notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

**I. Litigation History**

  Plaintiffs Clinton Barkley, Rashaan Bowrey, Andrew Hancock, and Philip Ramirez filed a Class and Collective Action Complaint on December 18, 2024, alleging violations of the FLSA and New York Labor Law. ECF No. 1. Specifically, Plaintiffs alleged that Defendants NYU Langone MSO Inc., NYU Langone Health System, and NYU Langone Hospitals (collectively, "NYU Langone" or "Defendants") violated the FLSA by failing to pay all wages and overtime wages for all hours worked, and further violated the New York Labor Law § 190 by failing to provide accurate wage notices or wage statements. *Id*. at Claims 1, 2, 3, and 4. Defendants filed their Answer on February 28, 2025. ECF No. 17. Plaintiffs Barkley, Bowrey, Hancock, and Ramirez (hereinafter, "Plaintiffs") filed a First Amended Complaint on March 11, 2025. ECF No. 23.

  In accordance with the Court's Mediation Referral, ECF No. 21, Plaintiffs intend to participate in a mediation, pending Defendant's response to the referral. In the meantime, Plaintiffs file this pre-motion letter as the clock continues to run on I.T. Support Employees' FLSA claims. The Parties have already spent two years in pre-litigation discussions without resolution. While we are open to continuing to try to resolve these claims in mediation, we

**New York** 685 Third Avenue 25th Floor New York, NY 10017 Tel (212) 245-1000 Fax (646) 509-2060
**San Francisco** One California Street 12th Floor San Francisco, CA 94111 Tel (415) 638-8800 Fax (415) 638-8810
**Washington DC** 601 Massachusetts Ave NW Suite 200W Washington, DC 20001 Tel (202) 847-4400 Fax (202) 847-4410

www.outtengolden.com

The Honorable Analisa Torres
March 12, 2025
Page 2 of 3

request proceeding with conditional certicication motion concurrently to ensure that we preserve the putative collective members' claims in the event mediation is not successful.

## II.     Factual Background

Plaintiffs and other I.T. Support Employees (however variously titled) perform I.T. Support work for NYU Langone in New York, Nevada, and Florida. Defendants classify I.T. Support Employees as exempt from overtime and deprived them of overtime pay for hours worked over 40 hours in a workweek. I.T. Support Employees consistently work more than 40 hours per workweek due to the inherent demands of their role. They regularly work before and after their scheduled shifts and respond to after-hours I.T. support requests. NYU Langone maintained a timekeeping system for I.T. Support Employees but only allowed them to clock in at the beginning of their shifts and did not permit them clock out at the end of their workday.

Plaintiffs and other I.T. Support Employees throughout Defendants' locations perform the same I.T. support duties, including responding to help desk tickets, assessing software and hardware needs, troubleshooting hardware and software issues, and providing in-person and remote technical support, among other duties. Further, throughout Defendants' locations, I.T. Support Employees report the same experiences with being classified as exempt and not receiving compensation for hours worked over 40 hours in a workweek.

## III.    Plaintiffs' Motion

Plaintiffs seek leave to file a motion for conditional certification of a collective and authorization of notice pursuant to Section 216(b) of the FLSA. Notice is necessary to facilitate the FLSA's "broad remedial purpose," *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978), and to inform similarly-situated I.T. Support Employees "of the pendency of the action and of their opportunity to opt-in as represented plaintiffs," *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). It is important for employees to receive notice early in order for the "intended benefits of the collection action . . . to accrue." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007). Timely notice "will facilitate swift and economic justice." *Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 93 (S.D.N.Y. 2020).

Courts in the Second Circuit employ a two-step approach when considering a motion for conditional certification. *Myers*, 624 F.3d at 554–55. At the initial "notice stage," plaintiffs must establish that other employees "may be similarly situated" to them. *Id.* at 555. As this Court has explained, at this stage Plaintiffs have a "very low burden of proof." *Diatta v. Iguana N.Y. Ltd.*, No. 15 Civ. 6399, 2016 WL 2865132, at *3 (S.D.N.Y. May 10, 2016) (Torres, J.). Plaintiffs can meet their burden "by making some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions[.]'" *Myers*, 624 F.3d at 555 (quoting *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259 (11th Cir. 2008)). Plaintiffs need only make a "modest factual showing" that they and others are similarly situated. *Id.* This is because "the purpose of [the] first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.*

The Honorable Analisa Torres
March 12, 2025
Page 3 of 3

      Plaintiffs will easily meet their very low burden to show that they and other I.T. Support Employees are similarly situated with respect to their FLSA claims by the declarations of I.T. Support Employees from different work locations and the well-pled allegations of the First Amended Complaint.  First, Plaintiffs will demonstrate that they and I.T. Support Employees are similarly situated with respect to their FLSA claims.  Plaintiffs challenge Defendants' organization-wide policy and practice that misclassified I.T. Support Employees as exempt and subjected them to the same illegal pay policy.  Because all I.T. Support Employees were subject to the same policy and practice, regularly worked more than 40 hours per workweek, and were not paid overtime wages, they were and are similarly harmed by the same policy and practice and seek the same relief.  Second, Plaintiffs will show that they and I.T. Support Employees are similarly situated with respect to their job duties.  In addition to their allegations in the First Amended Complaint, Plaintiffs will provide declarations regarding their consistent duties and experiences across work locations.

      Courts, including this Court, routinely grant conditional certification where plaintiffs present similar evidence of common job duties at the first step.  *See, e.g.*, *Mercado v. Metro. Transp. Auth.*, No. 20 Civ. 6533, 2021 WL 2593462, at *2 (S.D.N.Y. June 24, 2021) (Torres, J.) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Franze v. Bimbo Foods Bakeries Distribution, LLC*, No. 17 Civ. 3556, 2019 U.S. Dist. LEXIS 54426, at *6 (S.D.N.Y. Mar. 29, 2019) (plaintiffs established that collective members had "similar job requirements" with four declarations); *Djurdjevich v. Flat Rate Movers, Ltd.*, No. 17 Civ. 261, 2019 U.S. Dist. LEXIS 3165, at *3 (S.D.N.Y. Jan. 7, 2019) (same).[1]

      Notice is especially important early in litigation.  As time passes, it becomes harder to contact individuals and locate witnesses, and the statutes of limitations on I.T. Support Employees' FLSA claims will continue to run until they opt into the litigation.

      Respectfully submitted,

      */s/ Molly Brooks*
      Molly Brooks

cc:   All Counsel of Record (via ECF)

---

[1] The evidence Plaintiffs will present is sufficient to satisfy even the second-stage standard recently announced by the Second Circuit.  *See Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020).