# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Justin A. Guilfoyle
direct dial: 212-589-4607
jguilfoyle@bakerlaw.com

March 19, 2025

**VIA ECF**
The Honorable Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Barkley, et al. v. NYU Langone MSO, Inc., et al.*, **1:24-cv-09747-AT**

Dear Judge Torres:

We represent Defendants NYU Langone MSO, Inc. ("NYUL MSO"), NYU Langone Health System ("NYULHS"), and NYU Langone Hospitals ("NYULH") (collectively, "NYU Langone") in connection with the above-referenced matter. Please let this letter serve as NYU Langone's response, pursuant to Rule III.A.ii. of Your Honor's Individual Practices in Civil Cases, to Plaintiffs' March 12, 2025 letter (Dkt. No. 25) requesting a pre-motion conference as to Plaintiffs' anticipated motion for conditional certification of a Fair Labor Standards Act ("FLSA") collective and authorization of notice pursuant to 29 U.S.C. § 216(b).

### A. Procedural History

On February 14, 2023, counsel for Plaintiffs served an attorney demand letter on behalf of Plaintiff Andrew Hancock and other Medical Center Information Technology employees of NYU Langone in connection with their threatened claims of unpaid wages under the FLSA. Thereafter, the parties entered into a Tolling Agreement, which tolled the statute of limitations for those FLSA claims effective May 17, 2023, and subsequently had an informal exchange of documents and information in order to discuss the merits of the parties' respective claims and defenses. Following that process, the Tolling Agreement was terminated, effective November 16, 2024.

On December 18, 2024, Plaintiffs Clinton Barkley, Rashaan Bowrey, Andrew Hancock, Philip Ramirez, and Gurkirat Singh filed a Class and Collective Action Complaint (Dkt. No. 1), on behalf of themselves and other similarly situated. On February 28, 2025, NYU Langone timely filed its Answer (Dkt. No. 17). On March 6, 2025, the Court issued a Mediation Referral Order for FLSA cases (Dkt. No. 21), and NYU Langone subsequently informed Plaintiffs' counsel that it would proceed with assigned mediator, Matthew Weinick, Esq.

On March 11, 2025, Plaintiffs Clinton Barkley, Rashaan Bowrey, Andrew Hancock, and Philip Ramirez ("Plaintiffs")[1] filed a First Amended Class and Collective Action Complaint (Dkt. No. 23), asserting claims of: (1) failure to pay overtime under the FLSA on behalf of all plaintiffs and the proposed FLSA collective; (2) failure to pay overtime under the New York Labor Law ("NYLL") on behalf of Plaintiffs Barkley and Bowrey and a proposed Rule 23 New York Class; (3) failure to provide wage notices pursuant to NYLL § 195 on behalf of Plaintiffs Barkley and Bowrey and a proposed Rule 23 New York Class; and (4) failure to provide accurate wage statements pursuant to NYLL § 195 on behalf of Plaintiffs Barkley and Bowrey and a proposed Rule 23 New York Class.

B. **Factual Background**

Plaintiffs are former exempt employees of NYUL MSO in Nevada and NYULH in New York who held different titles, had different responsibilities, reported to different supervisors, and performed distinct job duties. Specifically, Plaintiff Barkley was employed by NYULHS in New York as an exempt "Tech II – Technology Management and Support" from November 22, 2020, until February 24, 2023. Plaintiff Bowrey was employed by NYULHS in New York as an exempt "Media Facilities Specialist I" from October 2, 2017, until July 2, 2022. Plaintiff Hancock was employed by NYUL MSO in Nevada as an exempt "Senior Analyst I – Solutions Development" from February 1, 2021, until September 1, 2023. Plaintiff Ramirez was employed by NYUL MSO in Nevada as an exempt "Senior Tech I – Technology Management and Support" from April 5, 2021, until March 25, 2024.

Despite Plaintiffs' claims otherwise, Plaintiffs did <u>not</u> perform the same (or even similar) duties, and their experiences were tied to their specific work locations in Nevada and New York. Indeed, Plaintiffs were not even employed by the same employer. Moreover, NYU Langone does <u>not</u> classify all of its employees who perform Information Technology work as exempt, as it conducts an individual assessment of each unique role when determining whether the position satisfies an applicable FLSA overtime exemption. The only true commonalities among Plaintiffs are the fact that they were properly classified as exempt from overtime and that they worked fewer than 40 hours in a workweek.

C. **Legal Argument**

Courts in this circuit use a two-step method to determine whether to certify a collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). In the first step, commonly known as "conditional certification," the named plaintiffs must make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" *id.* at 555 (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)), at which point the court may send a notice to potential opt-in plaintiffs. *Id*.

The purpose of this initial stage is "to determine whether 'similarly situated' plaintiffs do in fact exist." *Prizmic v. Armour, Inc.*, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). Plaintiffs can meet this burden by showing that "there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Myers*,

---

[1] Plaintiff Gurkirat Singh is not a named plaintiff in the Amended Complaint, but he has not yet withdrawn his Consent to Join Form that was filed with the original Complaint (Dkt. No. 1-5).

The Honorable Analisa Torres
March 19, 2025
Page 3

624 F.3d at 555. Documents properly considered "include plaintiffs' own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members. " *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557–58 (S.D.N.Y. 2013) (quotations and citation omitted). These documents "must set forth a defendant's plan or scheme to not pay overtime compensation and must identify by name similarly situated employees." *Fernandez v. On Time Ready Mix, Inc.*, 2014 WL 5252170, at *1 (E.D.N.Y. Oct. 4, 2014) (quotations and citation omitted).

Here, Plaintiffs state that they are seeking to move for conditional certification of some nebulously defined group of "I.T. Support Employees" at NYUL MSO, NYULHS, and NYULH in New York, Nevada, and Florida. However, Plaintiffs will not be able to satisfy their initial burden for several reasons. First, NYU Langone did not have a common practice of failing to pay its Information Technology employees overtime, as there are both exempt and non-exempt employees across these roles. Second, Plaintiffs seek conditional certification with respect to numerous positions simply because they may have some Information Technology designation despite the fact that these roles have disparate job duties, supervisors, expectations, compensation structures, and responsibilities that are wholly dissimilar to Plaintiffs'. Third, Plaintiffs and the putative collective members were not victims of a single decision, policy, or plan because each of those unique roles requires an individualized inquiry as to their exempt status.

Therefore, NYU Langone respectfully submits that Plaintiffs will be unable to present the evidence necessary to satisfy their first-step burden. NYU Langone further requests that the Court's Mediation Referral Order be considered when issuing a briefing schedule for Plaintiff's anticipated motion for conditional certification, so as to allow the parties to explore early resolution without unnecessarily expending judicial, party, and attorney time and resources.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

/ s /   *Amy J. Traub*
Amy J. Traub
Justin A. Guilfoyle

*Attorneys for Defendants*

cc:   All Counsel of Record (*via* ECF)