```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/19/2025_
```

CLINTON BARKLEY, RASHAAN BOWREY,
ANDREW HANCOCK, and PHILIP RAMIREZ,
on behalf of themselves and all others similarly
situated,

                    Plaintiffs,

-against-

NYU LANGONE MSO, INC., NYU LANGONE
HEALTH SYSTEM, and NYU LANGONE
HOSPITALS,

                    Defendants.

24 Civ. 9747 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, Clinton Barkley, Rashaan Bowrey, Andrew Hancock, and Philip Ramirez, on behalf of themselves and all others similarly situated, bring this action alleging that Defendants, NYU Langone MSO, Inc., NYU Langone Health System, and NYU Langone Hospitals (collectively, "NYU Langone"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, N.Y. Lab. Law § 190 *et seq. See generally* Am. Compl., ECF No. 24. Before the Court is Plaintiffs' motion for an order conditionally certifying an FLSA collective action under 29 U.S.C. § 216(b) and authorizing Plaintiffs to provide notice to members of the proposed collective action. ECF No. 30. In accordance with the conditions set forth below, Plaintiffs' motion is GRANTED.

## BACKGROUND[1]

    Defendants are individual corporations that form part of the privately owned academic medical center and health system known as NYU Langone. Am. Compl. ¶¶ 2, 38; Opp. at 2, ECF

---

[1] The following facts are taken from the amended complaint and Plaintiffs' declarations and are accepted as true for the purposes of this motion. *See, e.g., Romero v. ABCZ Corp.*, No. 14 Civ. 3653, 2015 WL 2069870, at *1 n.1 (S.D.N.Y. Apr. 28, 2015).

No. 44.  Plaintiffs are former employees of NYU Langone who worked, with various job titles, in I.T. and technological support roles.  *See* Am. Compl. ¶¶ 17, 22, 27, 32, 46, 69.  Plaintiffs allege that I.T. support employees at NYU Langone provide on-site and remote "technical support, troubleshoot I.T. issues, respond to I.T. tickets, test I.T. software . . . fix technological problems affecting computers, software programs, and A/V systems," and "install equipment and software" for NYU Langone employees and facilities.  *Id.* ¶¶ 70, 73.  NYU Langone's I.T. support workers are spread across an array of local and remote teams coordinated by the healthcare system's Medical Center Information Technology ("MCIT") division.  *Id.* ¶ 3; Barkley Decl. ¶ 4, ECF No. 32; Bowrey Decl. ¶ 5, ECF No. 33; Hancock Decl. ¶ 4, ECF No. 34; Ramirez Decl. ¶ 4, ECF No. 35.  Although I.T. support employees operating under MCIT vary according to which staff, operations, or facilities they support within the broader organization, all "share[] the same primary job duties," which are to "provide[] on-site and remote I.T. support, troubleshoot[] software and hardware issues, and install[] equipment and software for NYU Langone employees."  Ramirez Decl. ¶ 7.

Plaintiffs contend that, although they consistently worked more than 40 hours per workweek, NYU Langone failed to document and pay them their overtime wages as required by law.  Am. Compl. ¶¶ 75–76.  Indeed, Plaintiffs allege that NYU Langone has a policy or practice of willfully misclassifying I.T. support employees as exempt from the protections of federal and state overtime laws, failing to record those employees' working time, and failing to pay those employees their duly earned overtime wages.  *Id.* ¶ 84.

## LEGAL STANDARD

The FLSA authorizes plaintiffs to file suit on behalf of "other employees similarly situated," but only if such employees "consent in writing."  29 U.S.C. § 216(b).  Thus, potential plaintiffs must "opt in" to participate in an FLSA collective action.  The FSLA does not guarantee an initiating plaintiff a right to obtain a court-authorized notice to potential opt-in plaintiffs.  Rather, "district

2

courts have discretion . . . to implement § 216(b) by facilitating notice." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (alterations adopted and omitted) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Courts in this Circuit apply a two-step analysis to assess whether to certify an FLSA collective action. *Id.* at 554–55. At the first stage, a court may conditionally certify a collective action if the plaintiff "make[s] a modest factual showing that he and potential opt-in plaintiffs together were victims of a common policy or plan that violated the [FLSA]." *Id.* at 555 (citation omitted); *see also Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("Conditional [collective action] certification is appropriate . . . where all putative [collective action] members are employees of the same . . . enterprise and allege the same types of FLSA violations."). If a court conditionally certifies a collective action, the court may authorize the plaintiff to send notice to "potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiff[] with respect to" the FLSA violations alleged. *Myers*, 624 F.3d at 555. The details of a notice issued pursuant to § 216(b) are left to the sound discretion of the district court. *Hoffmann-La Roche*, 493 U.S. at 170. "When exercising [their] broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions" and ensure that potential opt-in plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323 (citation omitted).

"At the second stage," which generally occurs after the parties have the opportunity to engage in discovery, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. The court may "decertify" the action if it

determines that the opt-in plaintiffs are not "similarly situated," and their claims may be dismissed without prejudice. *Id.*

## DISCUSSION

I. Conditional Certification

The Court finds that Plaintiffs have met their burden to make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the [FLSA]." *Id.* (citation omitted). Plaintiffs claim, *inter alia*, that NYU Langone willfully or improperly misclassified them and other I.T. support employees under the MCIT department and denied them overtime wages despite regularly working in excess of 40 hours per workweek. Am. Compl. ¶¶ 4–9, 49–50, 69–95; *e.g.*, Barkley Decl. ¶¶ 7, 12, 16–18; Ramirez Decl. ¶¶ 8, 14–16, 18–21. Employees who provided similar I.T. support services under MCIT were subjected to the same policy or practice; Plaintiffs know this because they "regularly interacted via Cisco Webex, phone, or email, or in person with other NYU Langone employees . . . who," despite varying job titles, "had the same primary job duties of providing I.T. support," and those employees "often discussed [their] work schedules and responsibilities" together. Hancock Decl. ¶¶ 13, 20; *see also, e.g.*, Barkley Decl. ¶¶ 11, 13–18. Indeed, Plaintiffs observed other I.T. support employees who were classified as exempt workers working more than 40 hours per workweek without receiving overtime pay, *e.g.*, Bowrey Decl. ¶¶ 13, 17–22, and they have identified about seventeen other NYU Langone I.T. support employees who worked under MCIT without overtime compensation, *see* Bowrey Decl. ¶ 13; Barkley Decl. ¶ 11; Hancock Decl. ¶ 18; Ramirez Decl. ¶ 19.

These factual allegations are sufficient to establish that I.T. support employees, defined as "Analysts, Techs, Specialists, and those with similar titles who work in the MCIT division and share common duties providing technological support to NYU Langone operations," Reply at 3, ECF No. 50 (emphasis omitted), are "similarly situated" to Plaintiffs at the conditional certification stage,

*Myers*, 624 F.3d at 555; *see, e.g.*, *Romero v. ABCZ Corp.*, No. 14 Civ. 3653, 2015 WL 2069870, at *2 (S.D.N.Y. Apr. 28, 2015); *Djurdjevich v. Flat Rate Movers, Ltd.*, No. 17 Civ. 261, 2018 WL 5919519, at *2–3 (S.D.N.Y. Nov. 13, 2018).

NYU Langone's arguments to the contrary are unavailing. First, NYU Langone contends that conditional certification is unwarranted because it has "hundreds of employees who provide some level of technology assistance spread across its organization[,] . . . each of which has different responsibilities and pay." Opp. at 12; *see also id.* at 14 ("[T]here are nearly 250 unique titles that could fall under Plaintiffs' imprecise and impracticable class definition."). The breadth of NYU Langone's operations and its diverse technology needs do not undermine Plaintiffs' claims that NYU Langone has a common pay structure that applies to I.T. support employees writ large. "[T]he relevant inquiry is whether the employees were subjected to similar wage and hour practices, not the job description of the employees." *Cohan v. Columbia Sussex Mgmt., LLC*, No. 12 Civ. 3203, 2013 WL 8367807, at *7 (E.D.N.Y. Sept. 19, 2013). Thus, courts in this Circuit "frequently reject[] attempts to limit certification based on job function." *Id.* (collecting cases); *see also Diaz v. N.Y. Paving, Inc.*, 340 F. Supp. 3d 372, 385 (S.D.N.Y. 2018) ("[W]hether variance of job duties precludes collective treatment is more appropriately analyzed at the decertification stage of an FLSA collective action, not at the conditional certification stage." (citation omitted)). Plaintiffs' complaint and declarations show that, despite varying job titles, pay grades, and ancillary responsibilities, all I.T. support employees housed within MCIT are subject to the same pay structure that denies workers overtime pay. These materials suffice for Plaintiffs to meet their modest burden at the conditional certification stage. *See Sarr v. Sinergia, Inc.*, No. 22 Civ. 3610, 2022 WL 4952972, at *3 (S.D.N.Y. Oct. 4, 2022); *see also Varghese v. JP Morgan Chase & Co.*, No. 14 Civ. 1718, 2016 WL 4718413, at *7 (S.D.N.Y. Sept. 9, 2016) ("[C]ourts have ruled that defendants may not defeat a court's

5

determination that Plaintiffs are similarly situated by submitting their own affidavits." (citation omitted)).

Second, NYU Langone claims that Plaintiffs' proposed collective action definition should be rejected because it may include management-level workers and executives who are properly exempt from overtime pay. *See* Opp. at 12, 14, 18. The Court disagrees. The proposed collective action, which encompasses "Analysts, Techs, Specialists, and those with similar titles who work in the MCIT division and share common duties providing technological support to NYU Langone operations," is unlikely to include properly exempt workers because it emphasizes the "technological support" role of the workers. Reply at 3 (emphasis omitted). Moreover, issues concerning the degree of job similarity between similarly situated members of the certified collective action and the merits of those members' FLSA claims are reserved for the second step of the collective certification process. *Coons v. Fam. Counseling Ctr. of Fulton Cnty., Inc.*, No. 17 Civ. 439, 2018 WL 4026733, at *2–3 (S.D.N.Y. Aug. 23, 2018).

Third, relying on out-of-circuit caselaw, NYU Langone contends that "discovery must be conducted before the certification question can be appropriately addressed." Opp. at 18. The Second Circuit's two-step FLSA certification framework forecloses this argument. Under that framework, after the Court conditionally certifies the collective action and discovery is conducted, the parties will have the opportunity to revisit certification with the benefit of further factual development upon Defendants' filing of a motion for decertification. *See Myers*, 624 F.3d at 555; *Coons*, 2018 WL 4026733, at *2–3.

Because Plaintiffs have made the requisite factual showing that they and other potential opt-in plaintiffs "together were victims of a common policy or plan that violated the [FLSA]," *Myers*, 624 F.3d at 555 (citation omitted), Plaintiffs' motion is GRANTED. The Court conditionally certifies the FLSA collective comprised of "all persons who work or have worked for NYU Langone as

exempt-classified I.T. Support Employees, defined as Analysts, Techs, Specialists, and those with similar job titles within the Medical Center Information Technology division providing technological support to NYU Langone operations, at any time since December 18, 2021, and who elect to opt into this action." *See* ECF No. 31 at 18; Reply at 3.

II.   Notice

The Court has reviewed Plaintiffs' proposed mail, email, text message, and standalone website notices, ECF No. 36-1, and reminder notices, ECF No. 36-2, as well as NYU Langone's proposed edits to the notices and objections, ECF Nos. 45-1, 45-2; Opp. at 20–23.  Plaintiffs' proposed notices and reminder notices are tentatively APPROVED subject to the following modifications.

First, Plaintiffs shall modify the notices to specify that the lawsuit has been filed on behalf of all Analysts, Techs, Specialists, and those with similar job titles who work or have worked within the Medical Center Information Technology division and provide technological support to NYU Langone operations and were classified by NYU Langone as exempt from overtime and were not paid time-and-one-half for hours over 40 worked in one or more weeks.

Second, Plaintiffs may retain language indicating that the case refers to plaintiffs in this action collectively as "I.T. Support Employees," but shall remove sentences that expressly name additional job titles beyond the example titles included in the collective action definition, such as "I.T. Support Employees may be known by other names, including Systems Analyst, Desktop Support, Tech I, Tech II, A.V. Support Specialist, Solutions Analysts, Site Analysis, and other similar titles."

Third, Plaintiffs shall include the name and address of NYU Langone's counsel in the notice. *See, e.g.*, *Romero*, 2015 WL 2069870, at *3.

Fourth, Plaintiffs shall add language indicating that, by joining the lawsuit, potential opt-in plaintiffs may be required to provide information to NYU Langone's lawyers and/or the Court in writing or in-person. *See, e.g.*, *id.* (collecting cases including similar language).

Fifth, Plaintiffs shall restrict the opt-in period to 60 days, rather than 90 days. *See Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 134 (S.D.N.Y. 2022) ("Courts adopt a 90-day opt-in period only where the parties agree or if special circumstances require it."); *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 566–67 (S.D.N.Y. 2015) (limiting the opt-in period to 60 days where plaintiffs "ma[d]e no substantive arguments in response to Defendants' proposed sixty-day period, such as explaining why special circumstances . . . would warrant a longer-than-normal opt-in period").

The Court rejects the additional modifications proposed by NYU Langone. First, NYU Langone objects to the inclusion of a three-year statute of limitations. Opp. at 21. The FLSA's two-year statute of limitations is extended to three years when, as here, Plaintiffs plead willful misconduct. 29 U.S.C. § 255(a). When plaintiffs plead a willful violation of the FLSA, courts in this District "routinely apply the three-year statute of limitations," and the Court shall do the same here. *Son v. Hand Hosp.*, No. 22 Civ. 4639, --- F. Supp. 3d ---, 2025 WL 524026, at *4 n.6 (S.D.N.Y. Feb. 18, 2025) (citation omitted); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action.").

Second, NYU Langone contends that "there is no need to send a reminder notice," but, if the Court provides for one, the notice should include language "indicating that the Court does not encourage or discourage participation in the collective action." Opp. at 23 (citation omitted). "Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, . . . a reminder notice is appropriate." *Varghese*, 2016 WL 4718413, at *10 (citation omitted). NYU Langone's proposed modification is, therefore, rejected.

8

The Court declines to adopt NYU Langone's proposed language about the Court's encouragement or discouragement of participation in the matter, which may confuse potential plaintiffs and unnecessarily inject the Court into the matter.

Third, NYU Langone argues that contact information for members of the collective should not be shared with Plaintiffs' counsel.  Opp. at 23.  NYU Langone provides no support for its objection, and "courts in this Circuit have routinely granted such requests in the FLSA conditional collective certification stage."  *McPherson v. Look Ent. Ltd.*, No. 23 Civ. 4273, 2024 WL 4265844, at *8 (E.D.N.Y. Sept. 23, 2024); *Romero*, 2015 WL 2069870, at *5.  The Court finds that it would be most efficient for Defendants to provide the requested information to Plaintiffs directly, as opposed to a third-party.  NYU Langone's argument is, therefore, rejected.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional collective action certification, ECF No. 30, is GRANTED.  It is further ORDERED that:

1. By **May 27, 2025**, Plaintiffs shall file revised proposed notices and reminder notices consistent with this Order for final approval.

2. By **June 3, 2025**, Defendants shall file any objections to Plaintiffs' revised proposed notices and reminder notices.

3. By **June 9, 2025**, Defendants shall provide Plaintiffs' counsel the FLSA collective members' names, last known addresses, last known personal email addresses, last known personal telephone numbers, and employee numbers in manipulable, computer-readable electronic format.

4. Upon receiving final approval of Plaintiffs' proposed notices, Plaintiffs are authorized to notify the FLSA collective members via the approved U.S. mail, email, text message, and standalone website notices, and are further authorized to send approved reminder notices via

U.S. mail, email, and text message to FLSA collective members who have not responded within thirty (30) days of the notice period.

5. Members of the FLSA collective may opt-in to this litigation by filing the approved consent-to-join form within the sixty (60) day period following the date of the mailing of the notice (or, in the event of re-mailings, sixty (60) days from the re-mailing).

6. NYU Langone shall provide Plaintiffs' counsel partial social security numbers for members of the FLSA collective whose notices are returned as undeliverable.

SO ORDERED.

Dated: May 19, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge